IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:15-cr-080 |
| | : | Case No. 2:14-cr-127 |
| v. | : | |
| | : | |
| **ROBERT LEDBETTER,** *et al.* | : | Judge Algenon L. Marbley |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter is before the Court on the Government's Motion for Joinder and a Consolidated Trial, seeking to join a new indictment returned in case number CR-2-15-080 with CR-2-14-127. (CR-2-15-080, Doc. 8). Under the Superseding Indictment in CR-2-14-127, filed on October 20, 2014, twenty defendants are currently set for trial on April 4, 2016. On April 2, 2015, a two-count indictment in case number CR-2-15-080 was returned charging four defendants—Robert B. Ledbetter, Christopher A. Harris, Rashad A. Liston and Deounte Ussury—with Violent Crimes in Aid of Racketeering Activity ("VICAR") murder, in violation of 18 U.S.C. § 1959(a)(1), and Murder through the Use of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(j), for causing the death of Marschell Brumfield, Jr. in 2007.

These same four defendants—Ledbetter, Harris, Liston, and Ussury—are all charged with similar VICAR and firearms murders in the Superseding Indictment returned in case number CR-2-14-127. Further, in addition to other murders, Ledbetter, Liston and Harris are charged together in the Superseding Indictment in Counts 9 and 10 (the VICAR and firearm

1

murder of Rodriccos Williams), while Harris and Ussury are charged in Counts 7 and 8 (the VICAR and firearm murder of Marcus Peters).

More importantly, all four defendants are also named in Count 1 of the Superseding Indictment in CR-2-14-127, which is a charge for a RICO conspiracy related to the activities of the Short North Posse. Count 1 in the CR-2-15-180 indictment also sets forth allegations of an underlying RICO conspiracy related to the activities of the Short North Posse, albeit in the form of a VICAR charge. In fact, paragraphs 1-22 of the CR-2-15-180 indictment mirror the corresponding paragraphs in the Superseding Indictment.

The Government argues, therefore, that under Federal Rule of Criminal Procedure 13, joinder of the two cases—CR-14-2-127 and CR-2-15-080—is warranted. Rule 13 provides:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

Fed. R. Crim. P. 13. Fed. R. Crim. P. 8 provides the standard for determining whether all offenses and all defendants can be joined in a single indictment:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8. Thus, "the issue raised by Rule 13, whether the different charges in the two indictments could have been joined against [the Defendants] in a single case, is determined by Rule 8(a)." *United States v. Montgomery*, 358 F. App'x 622, 627 (6th Cir. 2009) (holding

2

consolidation of the two cases under Rule 13 and Rule 8 was proper because the drug conspiracy and distributions offenses were connected with the witness tampering charges under one common scheme or plan).

The Government contends that the charged conspiracy offenses in both indictments are part of a "common scheme or plan" within the meaning of Rule 8(a), because they grew out of the same series of acts and transactions and could have been joined in a single indictment, citing *United States v. Carrington*, 729 F.2d 702 (11th Cir. 1984). The Government further argues that in addition to the identical allegations in both indictments of an underlying RICO enterprise that utilized murder and armed robbery, the evidence supporting these charges, including evidence showing the existence of the Short North Posse as an ongoing enterprise, significantly overlaps between both indictments. Finally, the Government argues that the circumstances and nature of the charged murders in both indictments "are of the same or similar character."

Defendants Harris, Ussury, and Ledbetter oppose the Government's motion. They argue, collectively, that pursuant to Federal Rule of Criminal Procedure 14(a), joinder of the new indictment with the superseding indictment would prejudice them. Defendants argue that CR-2-14-127 already involves a large number of counts against each defendant, and urges the Court not to add additional counts, which would lead to greater prejudice. Alternatively, Defendants request that this Court reserve a ruling on the Government's motion for joinder until the Government proposes a final grouping of Defendants for trial in CR-2-14-127 on July 15, 2015, and until the Court rules on any motions for severance filed by the Defendants in that case, which are due on July 31, 2015. Defendants add that they have yet to receive discovery in CR-2-15-080, and so cannot determine if all the individuals alleged to have participated in the murder

have been indicted, or who is the alleged principal offender, also mitigating in favor of delaying a decision on joinder.

Both Judge Marbley and Judge Sargus agreed that the two cases were related under S.D. Ohio Civ. R. 3.1(b), and, accordingly, CR-2-15-080 was transferred to Judge Marbley's docket. (CR-2-15-080, Doc. 7). There is no question that the new indictment includes murder charges that were discovered by the government through the course of its investigation and litigation of CR-2-14-127. Further, there is no question that both cases involve allegations that members of the Short North Posse, or those seeking to gain entrance into the Short North Posse, allegedly engaged in violent crimes in aid of that alleged enterprises' racketeering activity, including through a large number of identified predicate acts, including murder, robbery and attempted robbery, distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against witnesses. As the Government explained, the four defendants charged in the new indictment are charged with similar VICAR and firearm murders in the Superseding Indictment.

Thus, just as these cases are related—because they involve the same defendants, require an identical determination regarding the existence of the Short North Posse as an enterprise engaged in racketeering activity, and they would entail a substantial duplication of effort and expense by the Court and the parties if heard by different Judges—so too is it appropriate to join these cases under Federal Rules of Criminal Procedure 8 and 13. Just as all murder charges in furtherance of the alleged Short North Posse RICO conspiracy were joined under CR-2-14-127, so too should the duplicative VICAR and murder charge in CR-2-15-080 be joined with CR-2-14-127. The new murder is of a similar character to the other murders alleged in 2-14-127, which were also in aid of the Short North Posse racketeering enterprise. Further, the new murder, like

4

the other murders and counts in the Superseding Indictment, constitute parts of a common scheme or plan allegedly carried out by the enterprise, the Short North Posse. Thus, there is no question that the two charges in the new indictment could have and would have been joined against the Defendants in the first case had the underlying facts come to light prior to the filing of the Superseding Indictment. *See Montgomery*, 358 F. App'x at 627. Accordingly, joinder is appropriate.

Defendants' arguments regarding prejudicial joiner are not taken lightly. This Court finds, however, that the Defendants in the new indictment (CR-2-15-080) will have the opportunity to raise any arguments against prejudicial joinder and in favor of severance in the context of the motions schedule in CR-2-14-127. By that time, Defendants will have received discovery regarding the new murder charges, enabling them to argue competently in favor of severance at the time if they so choose.

For the foregoing reasons, the government's motion for joinder is hereby **GRANTED**, and case CR-2-15-080 is joined with CR-2-14-127.

**IT IS SO ORDERED.**

                                                      s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**DATED: May 26, 2015**                      **UNITED STATES DISTRICT JUDGE**